UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT JOHNSON, | No. C 09-2991 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SANTA CLARA COUNTY VALLEY MEDICAL CENTER DIRECTOR OF MEDICAL & MENTAL HEALTH, | |
| Defendant. | |

### INTRODUCTION

Jeremy Scott Johnson, an inmate at the Santa Clara County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 about his medical care at the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

### DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). (As Johnson was in jail on a parole revocation, see Petition in Johnson v. CDCR, No. 09-3947 SI, his medical care claim would arise under the Eighth Amendment.)

In his complaint, Johnson complains of the response to three medical problems he had when he arrived at the Santa Clara County Main Jail on or about March 26. First, he claims that his existing psychotropic medications (i.e., Seraquel and Wellbutrin) were stopped and replaced with alternative and inferior medications over his protests. Second, he claims that his existing pain medication (i.e., six Vicodin pills per day) for bone spurs in his ankle was stopped and replaced with Tylenol over his protests. Third, he claims that he is not receiving his diet for his hypoglycemia.

The complaint does not state a claim for relief against the lone defendant, the Santa Clara County Valley Medical Center Director of Medical & Mental Health, because there are no allegations that he or she played any role in the decision-making process or caused any constitutional violation. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). If the director is included as a defendant only because he or she is in charge of medical services at the jail at which Johnson is currently housed, that would be an attempt to impose the impermissible respondeat superior liability. If the director actually participated in the decision-making, Johnson could allege a claim against the director but would need to state what the director did or failed to do that caused

a violation of his constitutional rights.

In the amended complaint, Johnson must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Thus, plaintiff could use Doe defendant designations to refer to the unknown individuals (with each individual being separately identified as a Doe defendant (such as John Doe # 1, John Doe # 2, etc.)) to avoid dismissal but he would have to take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

    IT IS SO ORDERED.

Dated: March 24, 2010

                                        SUSAN ILLSTON
                                    United States District Judge