UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT JOHNSON, | No. C 09-2991 SI (pr) |
| Plaintiff, | **ORDER FOR SECOND AMENDED COMPLAINT** |
| v. | |
| SANTA CLARA COUNTY VALLEY MEDICAL CENTER DIRECTOR OF MEDICAL & MENTAL HEALTH, | |
| Defendant. | |

Jeremy Scott Johnson, formerly an inmate at the Santa Clara County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 about his medical care at the jail. Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint and dismissed it with leave to amend because the complaint did not state a claim for relief against the lone defendant. The court gave Johnson leave to file an amended complaint that linked defendant(s) to his claims: "In the amended complaint, Johnson must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. 'the defendants'); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights." Order of Dismissal With Leave To Amend, p. 3. The court gave him more than a month to file his amended complaint.

Within less than a week of receiving the order, Johnson filed an amended complaint that consisted of a photocopy of the original complaint (that the court had already explained was inadequate), attached more exhibits, and had a brief statement that essentially said that certain individuals should be liable because they were in charge and because they failed to respond to unspecified inmate appeals. Johnson directed the reader to read the exhibits attached to his amended complaint to learn the nature of his problems.

The amended complaint fails to state a claim upon which relief may be granted. The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is the plaintiff's duty to provide a statement that is a complete statement of the claim(s) against each of the defendants. Johnson must file a second amended complaint that complies with the order of dismissal with leave to amend and sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The text of the second amended complaint must state a claim – not merely direct the reader to documents in which the reader might find a claim.

For the foregoing reasons, the amended complaint is dismissed with leave to amend. The second amended complaint must be filed no later than **April 1, 2011**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the second amended complaint by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: February 24, 2011

_____
SUSAN ILLSTON
United States District Judge

2