**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY SCOTT JOHNSON,

   Plaintiff,

  v.

DR. MEADE; et al.,

   Defendants.
               /

No. C 09-2991 SI (pr)

**ORDER OF DISMISSAL**

   Jeremy Scott Johnson, formerly an inmate at the Santa Clara County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 regarding his medical and mental health care at the jail. Pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint and dismissed it with leave to amend because the complaint did not state a claim for relief against the defendant. The court gave Johnson leave to file an amended complaint that linked defendant(s) to his claims: "In the amended complaint, Johnson must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. 'the defendants'); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights." Order Of Dismissal With Leave To Amend, p. 3. The court gave Johnson over a month to file his amended complaint.

   Johnson's first amended complaint, filed within less than a week of receiving the order, did not cure the problem. The first amended complaint consisted of a photocopy of the original complaint (that the court had already explained was inadequate), attached more exhibits, and had a brief statement that essentially said that certain individuals should be liable because they were

in charge and because they failed to respond to unspecified inmate appeals. As the court explained in the Order Of Dismissal With Leave To Amend, there is no respondeat superior liability under § 1983, meaning that the Santa Clara Valley director of medical and mental health may not be held liable just because he/she supervised medical and mental health staff. Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Johnson directed the court to read the exhibits attached to his amended complaint to learn the nature of his problems. The court advised Johnson that this was improper: "The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is the plaintiff's duty to provide a statement that is a complete statement of the claim(s) against each of the defendants. Johnson must file a second amended complaint that complies with the order of dismissal with leave to amend and sets forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Order For Second Amended Complaint, p. 2. The court gave Johnson more than a month to file his second amended complaint.

Johnson filed a second amended complaint, which is now before the court for review under § 1915A. The second amended complaint fails to state a claim upon which relief may be granted against the two defendants sued. The second amended complaint alleges that Johnson (a) did not receive the particular kinds of psychotropic medications he wanted, although he was offered other psychotropic medications; (b) did not receive a renewal of his Vicodin prescription when he asked an orthopedist for it, although that doctor said he would make a recommendation to the floor doctor to renew the prescription; and (c) did not receive a diet suitable for his hypoglycemia (although his exhibits show that the medical staff was trying to take blood sugar readings to determine whether he needed such a diet). The second amended complaint does not sue any of the health care providers that Johnson personally dealt with and instead names only the mental health director and the medical director of the main jail. The second amended complaint does not allege that either of these defendants played any role in making medical decisions concerning Johnson or caused any constitutional violation. Johnson alleges: "I saw numerous doctors and all of them failed to treat me, and failed to state a clinical reason why,

their only statement was that new directors would not let them, new directors are said defendants." Second Amended Complaint; ¶ 19. However, he did not allege facts that suggest either defendant actually participated in the decision-making with regard to his care, or even knew what Johnson's medical and mental health needs were. For an Eighth Amendment claim to be stated, facts must be alleged showing that the prison official not only was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." See Farmer v. Brennan, 511 U.S. 825, 837 (1994). If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). The second amended complaint fails to state a claim against either defendant because it does not allege deliberate indifference by them.

For the foregoing reasons, the second amended complaint is DISMISSED for failure to state a claim upon which relief may be granted against a defendant. Further leave to amend will not be granted because it would be futile: the court has already permitted amendment twice after explaining in detail what Johnson needed to do to cure his pleading deficiencies and he failed to do so. The clerk shall close the file.

IT IS SO ORDERED.

Dated: June 3, 2011

_____
SUSAN ILLSTON
United States District Judge